United States District Court
Middle District of Florida
Jacksonville Division

**GERALD ALEXANDER FISHER,**

> *Plaintiff,*

v.                                                            **NO. 3:13-cv-1285-J-20PDB**

**STATE OF FLORIDA,**

> *Defendant.*

---

# Report & Recommendation

Proceeding pro se and in forma pauperis, Gerald Fisher has sued the State of Florida based on its apparent efforts to collect child-support arrears from him. Doc. 6. Concluding that the *Rooker-Feldman*[1] doctrine applies, I recommend dismissal of his amended complaint without prejudice for lack of subject-matter jurisdiction.

## Background

Fisher's original complaint contained mostly conclusory statements and arguments, including a patently frivolous one concerning his Moorish ancestry that courts have routinely rejected. Doc. 1. The Court pointed out those deficiencies and gave him an opportunity to amend his complaint. Doc. 5. He timely filed an amended complaint. Doc. 6. The only factual allegations that can be gleaned from it is that he owes $21,600 in child support to the child's mother based on a state-court judgment

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

in *Bell v. Fisher*, 16-2008-DR-001292-FMXX-MA (Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida), and that the State of Florida has been garnishing his pay to collect that amount. Doc. 6 at 1–2. Attached to the amended complaint is the "Final Judgment of Stepparent Adoption" in *In the Matter of the Adoption of LDB*, No. 16-2012-DR-000066 (Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida), in which the state court approves the adoption of a child by her stepfather. Doc. 6 at 3–4.

Citing 42 U.S.C. § 1983, Fisher argues that the state's threat of arrest for failure to pay child support violates his Fourth Amendment right to be free from arrest without probable cause (contending that civil disputes cannot give rise to probable cause) and his Fourteenth Amendment right to equal protection (observing that most child-support arrestees are men). Doc. 6 at 1–2. Also citing Title 12 of the United States Code (the law governing banks) and H.R.J. Res. 192, 73d Cong., 48 Stat. 112 (1933) (a Depression-era joint resolution to assure the uniform value of United States currency), he demands that the Court deem the child-support balance paid from his United States Treasury account, terminate the state case, and enjoin any further garnishment. Doc. 6 at 2.

## Standards

### 1.    Pro-Se Pleading Standards

A court must hold a pleading drafted by a pro se litigant to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, the court cannot rewrite a deficient pleading for

a party or otherwise serve as his de facto counsel. *GJR Investments, Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**2.    Fed. R. Civ. P. 12(b)(6) Standards**

If a plaintiff is proceeding in forma pauperis, a court "shall dismiss [his] case at any time" if it is frivolous or malicious or otherwise fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). To decide if a pro se, in-forma-pauperis complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally, accept its factual allegations as true, and apply the Federal Rule of Civil Procedure 12(b)(6) standards. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a Rule 12(b)(6) dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**3.    Fed. R. Civ. P. 15(a) Standards**

Under Fed. R. Civ. P. 15(a), a court should freely permit a plaintiff to amend his complaint if justice so requires. Without having provided a pro se plaintiff with at least one chance to amend, a court should not dismiss with prejudice his complaint for failure to state a claim upon which relief may be granted unless it appears beyond a doubt that he cannot prove any set of facts to support his claim that would entitle him to relief. *Bank v. Pitt*, 928 F.2d 1108, 1111−12 (11th Cir. 1991), *overruled only as to represented litigant by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

### Law & Analysis

Under the *Rooker-Feldman* doctrine, a federal district court lacks subject-matter jurisdiction to review a state-court judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Because dismissal based on *Rooker-Feldman* is based on a lack of subject-matter jurisdiction, it should be without prejudice. *Arthur v. JP Morgan Chase Bank, NA,* No. 12-12317, 2014 WL 2620955, at *6 n.8 (11th Cir. June 13, 2014) (unpublished); *see Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (dismissal for lack of subject-matter jurisdiction is without prejudice).

The *Rooker-Feldman* doctrine applies if (1) the party in federal court is the same as the party in state court, (2) the prior state-court ruling was a final or conclusive judgment on the merits, (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state-court proceeding, and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003). "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (internal quotation marks omitted).

The Eleventh Circuit has applied the *Rooker-Feldman* doctrine to hold that federal courts lack subject-matter jurisdiction to decide challenges to a state child-support order, *Lawton v. Rosen*, No. 13-13642, 2014 WL 1327886, at *1 (11th Cir. Apr. 4, 2014) (unpublished); a state contempt order based on failure to pay child

support, *Casale*, 558 F.3d at 1259−61; and a state garnishment order in a child-support case, *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 31–32 (11th Cir. 2010).

Fisher challenges on various constitutional grounds the state-court judgment ordering him to pay child support and, apparently, a collateral order garnishing his pay to recover his child-support arrears.[2] *See generally* Doc. 6. The *Rooker-Feldman* doctrine applies to preclude the Court from deciding his challenges because (1) he was a party in the state case, (2) the state judgment requiring him to pay child support that underlies his challenges is final, (3) he had a reasonable opportunity to raise his challenges in the state case, and (4) his challenges would succeed only to the extent that state court wrongly imposed child-support obligations on him.[3] Thus, based on the *Rooker-Feldman* doctrine, I recommend that the Court dismiss his amended complaint without prejudice for lack of subject-matter jurisdiction.

If the Court disagrees and concludes that it has subject-matter jurisdiction, I recommend that the Court dismiss Fisher's amended complaint for a different reason. The statute under which he proceeds—42 U.S.C. § 1983—provides a federal cause of action against any person who, acting under color of state law, deprives a person of a

---

[2]Although unclear, to the extent that the state-court judgment attached to Fisher's amended complaint means that the child underlying his child-support arrears has been adopted by someone else and he therefore does not think it is fair to continue to hold him liable for child-support arrears, his recourse, to the extent that he has any, is in the state court.

[3]The *Rooker-Feldman* doctrine does not apply if the plaintiff is seeking damages for a state court's alleged constitutional deprivations, *Sibley v. Lando*, 437 F.3d 1067, 1070−71 & n.3 (11th Cir. 2005), or if the state proceedings had not ended when the plaintiff filed his federal complaint, *Nicholson v. Shafe*, 558 F.3d 1266, 1275−76 (11th Cir. 2009). Neither restriction applies here.

federal right. *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). A state is not a "person" subject to § 1983 liability, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012), and, furthermore, is absolutely immune from § 1983 liability, *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990); *Gamble v. Fla. Dept. of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). Thus, if the Court concludes that it has subject-matter jurisdiction, I recommend that the Court dismiss with prejudice Fisher's amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), because he fails to state a claim against the States of Florida upon which relief can granted.[4]

## Appeal Certification

A party who had been permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith and states in writing its reasons for the certification. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). A party demonstrates good faith by seeking appellate review of an issue that is not objectively frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous if it is without arguable merit either in law

---

[4]Although a plaintiff may sue a state official under § 1983 for prospective injunctive relief, *Ex parte Young*, 209 U.S. 123, 159–60 (1908), I do not recommend allowing Fisher to file a second-amended complaint to name a state official because he has already been given one opportunity to remedy his deficient pleading and because doing so would be futile in light of both the *Rooker-Feldman* doctrine and the dubious nature of his demands, which include deeming paid his child-support arrears from a nonexistent United States Treasury account.

or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable" means "capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). If a claim is arguable but ultimately will be unsuccessful, it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Because the law is established on the *Rooker-Feldman* doctrine and 42 U.S.C. § 1983 liability for the State of Florida, and that established law has clear application to Fisher's amended complaint, any appeal by him will not be taken in good faith; i.e., will not present an issue that has arguable merit in either law or fact. Accordingly, I recommend that the Court include in its order a certification that any appeal will not be taken in good faith and this written reason for that certification.

## Recommendation

Thus, I recommend that the Court:

1. **dismiss without prejudice** Fisher's amended complaint for lack of subject-matter jurisdiction, Doc. 6;

2. **certify** under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A) that any appeal from the order is not taken in good faith because the law is established on the *Rooker-Feldman* doctrine and 42 U.S.C. § 1983 liability for the State of Florida, and that established law has clear application to Fisher's amended complaint; and

3. **direct** the clerk to terminate Fisher's pending motion for an expedited disposition, Doc. 8, and close the case.[5]

---

[5]Fisher may file and serve specific written objections to this report and recommendation, including any objections to the in-forma-pauperis-appeal-certification, within 14 days of service. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 6.02(a). Failure to do so may alter the scope of direct and appellate review. *See* Fed. R. Civ. P. 72(b)(3); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).

**Entered** in Jacksonville, Florida, on July 9, 2014.

_____

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Gerald Alexander Fisher
        799 Verner Street, Apt. B
        Atlanta, GA 30318